**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN JONES, et al., | ) | CASE NO. 5:16-cv-93 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| NATURAL ESSENTIALS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Natural Essentials, Inc. ("defendant" or "Natural Essentials") to dismiss plaintiffs' complaint for failure to state a claim. (Doc. No. 6. ["MTD"].) Plaintiffs Kevin Jones ("K. Jones"), Teresa Jones ("T. Jones"), and Rob Lovejoy ("Lovejoy") (collectively "plaintiffs") have opposed the motion (Doc. No. 11 ["Opp'n"]), to which defendant replied (Doc. No. 12 ["Reply"]). For the reasons that follow, defendant's motion to dismiss counts I and II of plaintiffs' complaint is granted. The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims in counts III, IV and V, and those counts are dismissed without prejudice.

**I. BACKGROUND**

For the purpose of this analysis, the following factual allegations are taken from plaintiffs' complaint. (Doc. No. 1 ["Compl."].) Natural Essentials is a family owned business that manufactures and distributes cosmetics and personal care products. Defendant is an Ohio corporation with its principal place of business in Streetsboro, Ohio. (*Id.* ¶¶ 4, 8.) Plaintiffs are citizens of Ohio and former employees of defendant, hired in August, 2013. (*Id.* ¶¶ 5-7, 9-11.)

On September 15, 2013, T. Jones was on a paid work break on the defendant's property when she fell backwards while attempting to avoid being stung by bees. (*Id*. ¶ 12.) As a consequence of the fall, she sustained injuries to her right shoulder which caused "immediate severe, debilitating" pain. (*Id*. ¶ 14.) Notwithstanding, T. Jones completed her work shift before seeking medical treatment. (*Id*. ¶ 15.) On September 15, 2013, Lovejoy sent a text to T. Jones from the cell phone of another employee, Alice Worman ("Worman"), stating that T. Jones could file a workers' compensation claim for her injuries. (*Id*. ¶ 20.) T. Jones filed a workers' compensation claim on September 17, 2013. (*Id*. ¶ 22.)

Plaintiffs allege that T. Jones "immediately reported" the incident to her supervisor, Faith Owens ("Owens"). (*Id*. ¶ 16.) According to the complaint, Owens told the defendant's owner, Gary Pellegrino ("Pellegrino"), that there was "no incident," the fall "wasn't a big deal," "everything was fine," and that T. Jones just tripped and fell and went back to work. (*Id*. ¶ 17.) Plaintiffs claim that Pellegrino told Owens to retroactively terminate T. Jones effective the day before the bee incident—September 14, 2013—and to pay T. Jones as an independent contractor for September 15th. (*Id*.) Plaintiffs also allege that defendant terminated T. Jones and K. Jones Monday, September 16, 2013, and that Pellegrino states that he had already decided to terminate the two of them on September 14, 2016, even though neither had received any reprimands, warnings, or discipline for absenteeism or other issues. (*Id*. ¶¶ 26-29.)

Upon learning of the termination of T. Jones and K. Jones, Lovejoy sent T. Jones another text from Worman's cell phone that she should sue defendant. (*Id.* ¶ 31.) Worman showed Owens the text messages from Lovejoy to T. Jones, who showed them to Pellegrino. Defendant terminated Lovejoy on September 17, 2013. Plaintiffs claim that Lovejoy was terminated because he advised T. Jones and K. Jones to sue defendant. (*Id.* ¶¶ 32-36.)

On these facts, plaintiffs assert two federal claims and three state law claims.[1] In count I, plaintiffs allege that defendant violated Titles I, III, and V of the Americans with Disabilities Act of 1990, as amended, ("ADA")[2] by terminating T. Jones. (*Id.* ¶¶ 41-48.) In count II, plaintiffs claim that defendant violated Titles I, III, and V of ADA by terminating K. Jones and Lovejoy because of their relationship and association with T. Jones, and for encouraging her to assert her rights under the ADA. (*Id.* ¶¶ 49-56.) In counts III and IV, plaintiffs allege that defendant violated Ohio Rev. Code §§ 4123.90 and 4112.01 *et seq*., respectively. And in count V, plaintiffs claim that defendant terminated plaintiffs in violation of Ohio public policy.

Defendant contends that plaintiffs' complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

---

[1] Plaintiffs' state law claims are before the Court pursuant to the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

[2] Title I of the ADA addresses equal employment opportunity for disabled individuals. Title III of the ADA prohibits privately owned places of public accommodation from discriminating against individuals with disabilities. Title V of the ADA is a miscellaneous provision that includes, among other things, a prohibition against retaliation and coercion. *See Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, No. 08-CV-663, 2010 WL 3910364, at *3 (S.D. Ohio Oct. 4, 2010).

## II. Discussion

### A. Standard of Review

To withstand a motion to dismiss under Rule 12(b)(6), the complaint must allege facts that are sufficient to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim is a challenge to the sufficiency of plaintiffs' complaint, not a challenge to the plaintiffs' factual allegations. *See Bennett*, 2010 WL 3910364, at *2 (quoting *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005)). All factual allegations in the complaint are presumed to be true, and all reasonable inferences are drawn in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). That said, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim" that provides "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The "mere possibility of misconduct" by the defendant is insufficient—the complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

**B. Counts I and II (ADA Title I and V) Fail to State a Claim**

Plaintiffs allege that T. Jones was terminated in violation of the ADA, and that K. Jones and Lovejoy were also terminated in violation of the ADA because of their association with T. Jones and for encouraging her to assert her federal rights under the ADA. Defendant argues that Counts I and II should be dismissed because plaintiffs failed to timely exhaust their administrative remedies as a prerequisite to suit in federal court.[3]

***Plaintiffs have not exhausted administrative remedies***

The ADA incorporates the remedies and procedures applicable to employment discrimination under Title VII. *Nichols v. Gen. Motors Co.*, 978 F. Supp. 743, 746 (S.D. Ohio 1997) (citing 42 U.S.C. § 12117(a)). "It is well settled that a plaintiff must satisfy two prerequisites before filing [an ADA] action in federal court: (1) timely file a charge of employment discrimination with the [Equal Employment Opportunity Commission ("EEOC")]; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')." *Granderson v. Univ. of Michigan*, 211 F. App'x 398, 400 (6th Cir. 2006) (citations omitted).

Plaintiffs' complaint does not allege that they filed an EEOC charge or received a right-to-sue letter, which are condition precedents to filing a discrimination claim in federal court. If a plaintiff fails to first present his or her ADA claim to the EEOC, the claim cannot be brought before this Court. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000); *Dixon v. Ohio Dep't of Rehab. & Corr.*, 181 F.3d 100 (Table), 1999 WL 282689, at *1 (6th Cir.

[3] To the extent that the plaintiffs' Title V claims are predicated on plaintiffs' Title I claims, the Title V claims are subject to the same exhaustion requirements as their Title I claims. *See Bennett*, 2010 WL 3910364, at *3-4 (citations omitted).

Apr. 28, 1999) ("[Plaintiff's] first claim, race discrimination, fails because he did not allege that he had filed an EEOC charge and received a right-to-sue letter. The receipt of a right-to-sue letter from the EEOC is a condition precedent to filing a Title VII action.") (citing *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031-32 (6th Cir. 1998)).

***T. Jones' EEOC charge is untimely***

While plaintiffs did not plead exhaustion of administrative remedies, they assert in opposition to the motion that an EEOC charge has been filed by T. Jones, and attach correspondence dated April 1, 2016, from the Ohio Civil Rights Commission regarding her charge of discrimination under the ADA.[4] (Opp'n, Doc. Nos. 11-1 and 11-2.) Defendant's reply attaches T. Jones' ADA EEOC charge, filed March 22, 2016.[5] (Reply, Doc. No. 12-1 ["EEOC Charge"].)

"Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Parry*, 236 F.3d at 309 (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1); *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000)). The statute of limitations for the requisite EEOC charge begins to run from the date of "the alleged unlawful

[4] T. Jones' filing of an ADA claim with the Ohio Civil Rights Commission constitutes a dual filing with the EEOC. (Doc. No. 12-2.)

[5] In ruling on a motion to dismiss under Fed. R. Civ. P. 12, a court may generally consider the "[c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). T. Jones' charge is not referred to in the complaint or defendant's motion to dismiss. That said, the documents attached to the parties' opposition and reply briefs relate to plaintiffs' ADA claims and to the basis for defendant's argument for dismissal of plaintiffs' ADA claims. Neither side seeks to strike the documents from consideration, and plaintiffs arguably would have the right to amend the complaint to include allegations that they had filed an EEOC charge. Therefore, the Court will consider the documents in the context of its Rule 12(b)(6) analysis.

employment practice." *See Amini*, 259 F.3d at 498 (citing 42 U.S.C. § 2000e–5(e)(1)). T. Jones' EEOC charge states that the date of discrimination occurred on September 15, 2013, and that "my son and the person who suggested the work comp claim was fired." (EEOC Charge at 212.[6]) According to the complaint, T. Jones and K. Jones were terminated, allegedly in violation of the ADA, on September 16, 2013, and Lovejoy was allegedly terminated in violation of the ADA on September 17, 2013. T. Jones' EEOC charge, filed on March 22, 2016, was filed well beyond the deadline required by the statute.

Plaintiffs correctly contend that exhaustion of administrative remedies is not a jurisdictional requirement, but a condition precedent. (Opp'n at 179-80.) *Goolsby v. High Caliber Servs., Inc.*, No. 2:10-CV-0040, 2010 WL 4537032, at *3 (M.D. Tenn. Nov. 3, 2010) (citing *Parry*, 236 F.3d at 309 ("the failure to obtain a right-to-sue letter is not a jurisdictional defect"); *Williams v. Northwest Airlines*, 53 F. App'x 350, 352 (6th Cir. 2002) (the statutory "time limits" discussed above "do not constitute a jurisdictional prerequisite to filing suit") (further citation omitted)). They argue that, because T. Jones has now filed an EEOC charge,[7] the lack of a right-to-sue letter can be cured later in the case and the Court should waive the statutory time requirement for filing an EEOC charge.

The timely filing of an EEOC charge of discrimination is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Reed v. ADM/ARTCO*, 57 F. App'x 682, 683 (6th Cir. 2003) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393,

[6] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

[7] No EEOC charge has been filed by K. Jones or Lovejoy, and their ADA Title I and V claims in count II are dismissed as a consequence. *Granderson*, 211 F. App'x at 400. To the extent that T. Jones' complaint may be construed as being filed on behalf of K. Jones and Lovejoy, their claims in count II are subject to dismissal for the same reasons that T. Jones' claims are dismissed in count I.

102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982)). There are no allegations in the complaint with respect to estoppel, equitable tolling, or defendant's waiver of the statutory time period, and plaintiffs have not argued tolling, estoppel, or defendant's waiver in opposition to the motion. Rather, plaintiffs argue that the Court should waive the statutory filing period because: (1) T. Jones has now filed an EEOC charge; (2) defendant was aware of plaintiffs' claims because on March 14, 2014, plaintiffs filed a state court action in Portage County styled *Teresa Jones, et al., v. Natural Essentials, Inc.*, Case No. 2014 CV 00215;[8] and (3) defendant has suffered no prejudice as a consequence. (Opp'n at 182 ("This Court has discretion to waive strict compliance with the statutory requirements for filing a charge and receiving a right-to-sue letter[.]").)

This Court, however, lacks the power to waive the statutory time period for filing an EEOC charge. The Supreme Court in *Zipes* "did not suggest that the requirement [of timely filing a charge with the EEOC] could be set aside or waived in the discretion of the Court." *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). While the

[8] "The Sixth Circuit has identified five factors for courts to consider when determining whether equitable tolling is appropriate: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Black v. Columbus Pub. Sch.*, 211 F. Supp. 2d 975, 982 (S.D. Ohio 2002), *aff'd*, 79 F. App'x 735 (6th Cir. 2003) (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988))). "[C]ourts weigh the factors on a flexible, case-by-case basis. *Id*. (citations omitted). "[The Sixth] [C]ircuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly." *Amini*, 259 F.3d at 500.

To the extent plaintiffs argue that the filing of their state case in Portage County tolled the statute, this argument fails. Plaintiffs were represented by counsel in their dismissed state court action. *Id*. ("Constructive knowledge [of filing requirements] is attributed to an individual who has retained an attorney.") (citing *Jackson v. Richards Med. Co.*, 961 F.2d 575, 579 (6th Cir. 1992)). Moreover, "[t]he Sixth Circuit has adopted the view of the Eleventh Circuit that '[w]hen an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the [limitation] period.'" *Id*. at 984 (quoting *Jackson*, 961 F.2d at 580 (quoting *McClinton v. Alabama By–Products Corp.*, 743 F.2d 1483, 1486 (11th Cir. 1984)). In this case, plaintiffs sought out an attorney and pursued legal action in state court prior to filing this action, demonstrating that they were generally aware of their legal rights. Applying the Sixth Circuit's five factor analysis, the Court concludes that tolling of the statutory time period is not appropriate in this case.

filing of an EEOC charge is a procedural requirement that may be waived by the parties, it cannot simply be waived at the discretion of the Court. *Baughey v. Tecumseh Country Club, Inc.*, 1 F.3d 1240 (Table), 1993 WL 300312, at *2 (6th Cir. Aug. 3, 1993) (citing *Zipes*, 455 U.S. at 393). Defendant has not waived T. Jones' untimely EEOC filing; indeed, the failure to comply with the ADA's prerequisites to filing a federal claim is the basis for defendant's motion to dismiss counts I and II.

Plaintiffs also argue that failure to have a right-to-sue letter at the time the complaint is filed can be cured. (Opp'n at 179, citing *Parry*, 236 F.3d at 309.) *See Portis v. Ohio*, 141 F.3d 632, 634 (6th Cir. 1998) (plaintiff received right-to-sue letter one week after filing the complaint, curing condition precedent). It is true that lack of a right-to-sue letter when a federal suit is filed is not necessarily fatal to a federal cause of action for ADA employment discrimination. *Parry* and *Portis*, however, are not relevant to this analysis. In this case, it is not simply a matter of plaintiffs not having a right-to-sue letter when the complaint was filed, but rather that the EEOC charge ultimately filed by T. Jones is untimely. *See McCool v. Operative Plasterers & Cement Masons Int'l Ass'n of the U.S. & Canada, AFL-CIO*, No. 13-13614, 2015 WL 457788, at *4 (E.D. Mich. Feb. 3, 2015), *reconsideration denied sub nom. McCool v. Operative Plasterers & Cement Masons Int'l Ass'n of United States & Canada, AFL-CIO*, No. CV 13-13614, 2015 WL 5461500 (E.D. Mich. Sept. 16, 2015) ("Because the filing of the [ADEA] charge was not timely, it matters not whether the failure to obtain a right-to-sue letter is a jurisdictional defect or a condition precedent. Accordingly, the filing of this [EEOC charge more than 180 days after the alleged unlawful practice] does not cure [p]laintiff's failure to exhaust for purposes of this lawsuit.") (distinguishing *Parry*).

Plaintiffs' filing of an EEOC charge beyond the time period permitted by the statute, with no basis for expanding the time period due to estoppel, equitable tolling, or defendant's waiver, bars plaintiffs' claims in federal court. Accordingly, counts I and II must be dismissed pursuant to Rule 12(b)(6).

***Complaint fails to state a prima facie case of disability discrimination***

Even absent the issue of exhaustion, the complaint fails to state an ADA employment discrimination claim. In order to establish a *prima facie* case of discrimination, a plaintiff must show that:

> 1) he or she is disabled, 2) he or she is otherwise qualified for the position, with or without reasonable accommodation, 3) he or she suffered an adverse employment decision, 4) the employer knew or had reason to know of the plaintiff's disability, and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced.

*Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891-92 (6th Cir. 2016) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1179 (6th Cir. 1996)).[9]

Plaintiffs have alleged that: (1) defendant lacked an overriding business justification for terminating plaintiffs; (2) T. Jones was qualified for her position as a picker/packer and could perform the essential functions of the position; (3) T. Jones was terminated because she was disabled, or was perceived or regarded by defendant as disabled; (4) T. Jones was terminated because of her "injury"; and (5) even if Pellegrino was not aware that T. Jones was disabled, Owen knew because T. Jones reported the fall to her. (*See* Opp'n at 186-87.) Plaintiffs have not alleged any facts regarding the fifth element of a *prima facie* case—that after T. Jones was terminated, she was replaced by defendant or her job remained open.

[9] In this case, plaintiffs' allegations, taken as true, do not establish direct evidence of discrimination. The indirect method of proof adapts the framework of *McDonnell Douglas*, including the required elements of a *prima facie* case. *Ferrari*, 826 F.3d at 891-92 (citations omitted).

In addition, the factual allegations in the complaint do not support a reasonable inference that defendant knew or had reason to know of T. Jones' disability—the fourth element of a *prima facie* case. Typically, an employer has notice of disability when the employee tells the employer that she is disabled. *Cady v. Remington Arms Co.*, No. 16-5035, 2016 WL 7030989, at *3 (6th Cir. Dec. 2, 2016) (quoting *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 450 (6th Cir. 1999)). Even if an employee does not use the word "disabled," the fourth element of a *prima facie* case may be met if the employer is given enough information about the employee's condition to conclude the employee is disabled, including, among other things, "a diagnosis, a treatment plan, apparent severe symptoms, and physician-imposed work restrictions." *Cady*, 2016 WL 7030989, at *3 (citations omitted).

Plaintiffs allege that T. Jones was severely injured as a result of the fall, but that she returned to work and completed her shift before seeking medical treatment. (Compl. ¶¶ 12, 14-15.) According to the complaint, T. Jones immediately reported the fall to Owens, and Owens told defendant owner Pellegrino "that there was 'no incident'" and that "the [f]all 'wasn't a big deal' . . . and that everything was fine. She [T. Jones] just tripped, fell[, and] went right back to work.'" (*Id*. ¶¶ 16-17.)

These factual allegations, taken as true, do not establish that defendant had enough information about T. Jones' condition to conclude that she was disabled. Indeed, even T. Jones did not know the nature and extent of her injury, diagnosis, treatment plan, or any resulting work limitations, at the time she reported the fall to Owen because she did not seek medical treatment until after her shift was complete. (*Id*. ¶¶ 15-17.) Plaintiffs do not allege that, after T. Jones sought medical treatment, but before her termination, she reported back to defendant regarding

the diagnosis of her injury, a treatment plan, or physician-imposed work restrictions. Without allegations from which may be reasonably inferred that defendant knew or should have known T. Jones was disabled as a consequence of the fall, plaintiffs cannot establish the fourth element of a *prima facie* case of ADA employment discrimination.

To state a valid ADA claim, the complaint "must contain either direct or inferential allegations respecting *all the material elements* to sustain recovery under some viable legal theory." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis added) (citing *Twombly*, 544 U.S. at 560). Plaintiffs' factual allegations, assumed to be true, must show entitlement to relief. *Id*. (citing *Twombly*, 544 U.S. at 557). In this case, plaintiffs' direct and inferential allegations fail to state all the elements of a *prima facie* case of employment discrimination under the ADA.

Thus, for this additional reason, plaintiffs' ADA employment discrimination claims are subject to Rule 12(b)(6) dismissal.

**C. Counts I and II (ADA Title III and V) Fail to State a Claim**

Unlike Title I of the ADA, Title III imposes no exhaustion requirement. *Bennett*, 2010 WL 3910364, at *3 ("Titles II and III of the ADA, however, do not incorporate 42 U.S.C. § 2000e–5, and therefore do not require claimants to exhaust their administrative remedies prior to initiating litigation.") (citations omitted). To the extent that the plaintiffs' Title V claims are predicated on plaintiffs' Title III claims, the Title V claims are also not subject to exhaustion. *See id.*, at *3-4 (citations omitted).

Defendant argues that, among other reasons, plaintiffs' Title III claims should be dismissed because the substantive allegations in plaintiffs' complaint relate solely to

employment termination, and plaintiffs allege no facts that would support a public accommodation/accessibility claim contemplated under Title III. Plaintiffs do not oppose defendant's argument that plaintiffs' Title III claim should be dismissed on this basis.

To establish *a prima facie* case of Title III discrimination, plaintiff must demonstrate that: (1) she has a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant has discriminated against the plaintiff on the basis of disability in the full and equal enjoyment of that place of public accommodation. *Snyder v. Lady Slings the Booze, LLC*, 73 F. Supp. 3d 871, 874 (W.D. Ky. 2014) (citing 42 U.S.C. § 12182(a)) (further citation omitted); *Maley v. Octapharma Plasma, Inc.*, No. 12-13892, 2013 WL 3814248, at *3 (E.D. Mich. July 22, 2013) (same) (citation omitted). Plaintiffs' complaint fails to allege facts that establish a plausible Title III claim.

As an initial matter, the complaint describes defendant business as a company in the business of manufacturing and distributing cosmetics and personal care products, but does not even allege that defendant business is a place of public accommodation for purposes of Title III as defined by 42 U.S.C. § 12181(7). Moreover, plaintiffs' allegations are entirely based on a workplace injury and employment related matters, and the complaint contains no allegations regarding goods and services sought by plaintiffs from defendant under Title III of the ADA. The Sixth Circuit has ruled that

> employment discrimination claims are the exclusive province of Title I. According to the court in *Parker*, the structure of the Act clearly demonstrates Congress' intent for Title I to govern claims arising out of employment. Title III prohibits discrimination on the basis of a disability in the enjoyment of goods and services in places of public accommodation. An employee claiming discrimination is not seeking goods and services under the language of Title III.

*Schultz v. Alticor/Amway Corp.*, 177 F. Supp. 2d 674, 678–79 (W.D. Mich. 2001), *aff'd*, 43 F. App'x 797 (6th Cir. 2002) (citing *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1011-14 (6th Cir. 1997) (en banc) and 42 U.S.C. § 12182) (internal citations omitted)).

Plaintiffs' factual allegations, taken as true, fail to establish that plaintiffs are entitled to relief under Title III of the ADA. Thus, counts I and II are dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

**D. Counts III, IV and V are Dismissed Without Prejudice**

The Court has determined that plaintiffs' ADA claims are subject to dismissal for failure to state claim pursuant to Fed. R. Civ. P. 12(b)(6). This case was before the Court on federal question jurisdiction pursuant to 28 U.S.C. § 1331, and there is no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court must now determine whether to exercise its supplemental jurisdiction over plaintiffs' three state law claim pursuant to 28 U.S.C. § 1367.

Subsection (c) of § 1367 provides that the Court may decline to exercise supplemental jurisdiction over a state law claim if the Court "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction[.]" *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (internal quotation marks and citation omitted).

In making this determination, the Court weighs considerations of judicial economy, convenience, fairness, and comity. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). "Comity to state courts is considered a substantial interest; therefore, [the Court] applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation

outweigh [any] concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (further citation omitted)). When all federal claims are dismissed before trial, the balance of considerations usually point to dismissing the state law claims. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) (after a 12(b)(6) dismissal of the federal claims, "there is a strong presumption in favor of dismissing supplemental claims").

This case is in the early stages of litigation, and only state law claims remain. Some relevant discovery regarding the state law claims in this case may have already taken place in plaintiffs' earlier state court action. Other factors do not outweigh the substantial interest of comity to state courts in this case. Therefore, the Court exercises its discretion pursuant to 28 U.S.C. § 1367(c) and declines to exercise supplemental jurisdiction over plaintiffs' state law claim. Accordingly, counts III, IV and V are dismissed without prejudice.

## III. CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss counts I and II of plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted, and those claims are dismissed with prejudice. Counts III, IV and V are dismissed without prejudice.

Plaintiffs' motion to strike exhibit 1, and to strike the factual background of defendant's motion to dismiss (Doc. No. 7), is denied as moot because, in ruling on defendant's motion, the Court did not rely on exhibit 1 or any portion of defendant's statement of the facts that was not drawn from the complaint.

**IT IS SO ORDERED**.

Dated: March 27, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**