# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN JONES, et al., | ) | CASE NO. 5:16-cv-93 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| NATURAL ESSENTIALS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of plaintiffs Kevin Jones ("K. Jones"), Teresa Jones ("T. Jones"), and Rob Lovejoy ("Lovejoy") (collectively, "plaintiffs") for reconsideration of the Court's memorandum opinion and judgment entry (Doc. Nos. 13 ["MO"] and 14 ["JE"]). (Doc. No. 15 ["Mot."].) Defendant Natural Essentials, Inc. ("defendant") opposed the motion (Doc. No. 16 ["Opp'n"]), and plaintiffs filed a reply (Doc. No. 17 ["Reply"]).

## I. BACKGROUND

The factual background of this case is detailed in the Court's memorandum opinion from which plaintiffs seek reconsideration. (*See* MO at 215-16.[1]) Briefly, plaintiffs were employed by defendant. T. Jones fell on September 15, 2013 during a work break and injured her right shoulder. She immediately advised her supervisor of her fall, finished her shift, and then sought medical treatment. Defendant's owner terminated

---

[1] All page number references are to the page identification numbers generated by the Court's electronic filing system.

T. Jones and K. Jones on September 16, 2013, claiming that he had already decided to terminate them on September 14, 2013. On September 17, 2017, T. Jones filed a workers' compensation claim. Lovejoy was terminated on September 17, 2017, allegedly for advising T. Jones and K. Jones to sue defendant.

On these alleged facts, plaintiffs assert two federal claims (counts I and II) for violation of Titles I, III, and V of the Americans with Disabilities Act ("ADA") and three state law claims (counts III, IV, and V). Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court granted the motion as to both federal claims, and declined to exercise supplemental jurisdiction over plaintiffs' state law claims, which were dismissed without prejudice.

## II. DISCUSSION

### A. Standard of Review

As plaintiffs note at the outset, the federal rules of civil procedure do not provide for motions for reconsideration. Such motions are typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). The purpose of Rule 59(e), however, is not to provide an unhappy litigant with an opportunity to relitigate issues already considered and rejected by the Court. *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods., Inc.*, No. 5:15-CV-1310, 2016 WL 3555431, at *3 (N.D. Ohio June 30, 2016) (citation omitted). In other words, a motion for reconsideration is not a substitute for appeal. *See CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-CV-00680, 2015 WL 1000444, at *4 (S.D. Ohio Mar. 5, 2015) (citing *Gore v. AT & T Corp.,* No. 2:09–CV–854, 2010 WL 3655994, at *1 (S.D. Ohio

Sept. 14, 2010) ("Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion.")). Generally, only three situations justify a district court in altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

**B. Analysis**

Plaintiffs do not contend that there has been an intervening change in law or new evidence. Rather, plaintiffs argue that the Court committed an error of law. An error occurs where the Court exhibits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Huff v. FirstEnergy Corp.*, No. 5:12CV2583, 2014 WL 2441768, at *2 (N.D. Ohio May 29, 2014) (internal quotation marks and citation omitted); *Jackson v. Ford Motor Co.*, No. 15-1180, 2016 WL 4533028, at *1 (W.D. Tenn. Mar. 21, 2016) ("A 'clear error of law' occurs where the original ruling overlooked or disregarded some argument or controlling authority or where the moving party successfully points out a manifest error[.]") (some internal quotation marks omitted) (quoting *United States v. Ladeau*, No. 3:10-CR-00242-1, 2012 WL 5838125, at *2 (M.D. Tenn. Nov. 15, 2012) (further citation omitted)).

Plaintiffs maintain that the Court erred in ruling that defendant's motion to dismiss should be granted because: (1) T. Jones failed to exhaust her administrative remedies; and (2) plaintiffs failed to allege a prima facie case of discrimination under the ADA.

1. **Failure to timely file an EEOC charge**

The timely filing of an EEOC charge of discrimination, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. There is no question that plaintiffs failed to file an ADA charge of discrimination with the EEOC within the statutory time period.[2] The alleged discrimination took place on September 16, 2013, and T. Jones did not file an EEOC charge until March 22, 2016. (MO at 220-21.) In granting defendant's motion to dismiss, the Court found that plaintiffs did not allege any basis for estoppel or equitable tolling (or provide any explanation for the late filing of the EEOC charge) and, in seeking to dismiss plaintiffs' complaint, defendant was clearly not waiving the statutory time period for filing an EEOC charge. (MO at 222-23.) The Court granted defendant's motion to dismiss not because the Court lacked jurisdiction, but because plaintiffs failed to timely file an EEOC charge which, absent waiver, estoppel, or

---

[2] The ADA incorporates the remedies and procedures applicable to employment discrimination under Title VII. The Sixth Circuit has explained Title VII's dual statute of limitations as follows:

> Usually, if the alleged discrimination occurred more than 180 [days] prior to the plaintiff's filing of an EEOC charge, claims implicating these actions are barred. However, if the alleged unlawful practice occurs in a "deferral state," in this case Ohio, which has enacted its own laws prohibiting discrimination in employment, the plaintiff must filed [sic] suit within 300 days of the alleged discriminatory act.

*Longino v. City of Cincinnati*, No. 1:12-CV-424, 2013 WL 1412192, at *3 (S.D. Ohio Apr. 8, 2013) (quoting *Alexander v. Local 496, Laborers' Int'l Union of N. Am.,* 177 F.3d 394, 407 (6th Cir. 1999) (citing 42 U.S.C. § 2000e–5(e))). Ohio is a deferral state and defendant acknowledges that plaintiffs had 300 days under the statute to file an EEOC charge. (See Doc. No. 6-1 at 58-59.)

4

tolling, is a necessary prerequisite to filing a discrimination claim in federal court. (MO at 219-20.)

*Waiver*

In opposing defendant's motion to dismiss, plaintiffs argued that the Court has the power to waive the statutory time period for filing an EEOC charge. The Court disagreed, concluding that under the Supreme Court case of *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982), *the Court* did not have the power to set aside or waive the statutory requirements for filing an EEOC charge (as opposed to permitting plaintiff to cure the failure to have a right-to-sue letter in hand when the complaint is filed). (MO at 222-23.) Thus, the Court granted defendant's motion to dismiss plaintiffs' ADA claims. *See Evans v. Grosse Pointe Pub. Sch. Sys.*, No. 06-14826, 2007 WL 614188, at *1 (E.D. Mich. Feb. 23, 2007) (time period for filing a charge of discrimination has expired and plaintiff is thus unable to exhaust those remedies and cannot obtain a right to sue letter necessary to bring suit in federal court) (citations omitted).

In seeking reconsideration, plaintiffs again argue that the Court has the power to waive the statutory time period for filing an EEOC charge, and the Court erred in concluding that it does not. As an initial matter, this is the same argument that plaintiffs made in opposing defendant's motion to dismiss, and which the Court has already considered. (*See* Doc. No. 11 at 179-82.) Moreover, plaintiffs do not address cases cited by the Court in support of its conclusion that while under *Zipes* the statutory time period can be waived, it cannot be waived *by the Court*. (*See* MO at 222-23.)

The purpose of a Rule 59 motion is not to relitigate arguments and issues already considered by the Court, and is not a substitute for appeal. *Morgantown Mach. & Hydraulics of Ohio,* 2016 WL 3555431, at *3; *CitiMortgage*, 2015 WL 1000444, at *4. By simply reasserting the same generic waiver arguments that were asserted in opposition to defendant's motion to dismiss, plaintiffs have not established that the Court committed a clear error of law in concluding that the statutory time period for filing an EEOC charge of ADA discrimination cannot be waived by this Court.

*Equitable tolling*

In granting defendant's motion to dismiss, the Court considered whether tolling may be appropriate in light of plaintiffs' state court case filed in Portage County even though there were no allegations in the complaint that even inferentially supported estoppel or equitable tolling of the statutory time period for filing an EEOC charge. (MO at 222 n.6.[3]) After applying the Sixth Circuit's five-factor analysis, however, the Court concluded that equitable tolling of the time to file an EEOC charge was not appropriate in this case.

In seeking reconsideration, plaintiffs argue that the EEOC statutory time period should be equitably tolled because plaintiffs were diligent in that they filed their state court action under Ohio's statute within six months of termination and, if the Court proceeds on the merits of this case, defendant will not be prejudiced. Focusing on those

---

[3] "The Sixth Circuit has identified five factors for courts to consider when determining whether equitable tolling is appropriate: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Black v. Columbus Pub. Sch.*, 211 F. Supp. 2d 975, 982 (S.D. Ohio 2002), *aff'd,* 79 F. App'x 735 (6th Cir. 2003) (citing *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998) (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988))). "[C]ourts weigh the factors on a flexible, case-by-case basis. *Id*. (citations omitted). "[The Sixth] [C]ircuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly." *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001).

two factors, plaintiffs contend that it would be manifestly unjust and inequitable for the Court not to decide this case on the merits. (Mot. at 239-40.)

But plaintiffs' argument ignores the other three factors (lack of notice of filing requirement, lack of constructive knowledge of filing requirement, and reasonableness of remaining ignorant of the filing requirement)—all of which weigh against plaintiffs. Likewise, plaintiffs fail to address the Court's analysis of these factors. Moreover, plaintiffs were represented by counsel in their state court action wherein they asserted a state law claim for disability discrimination (among others),[4] and cannot credibly maintain that they lacked constructive knowledge of the filing requirement or that it was reasonable for them to be ignorant of that requirement. *See Clark v. Nissan Motor Mfg. Corp. U.S.A.*, No. 97-5956, 1998 WL 786892, at *3 (6th Cir. Oct. 26, 1998) (citing *Jackson v. Richards Med. Co.,* 961 F.2d 575, 579 (6th Cir. 1992) (adopting the view that employee who has retained counsel has constructive knowledge of filing requirements)).

In light of the foregoing, and the Sixth Circuit's admonition that equitable tolling of a statutory time period for filing an EEOC charge should be "sparingly granted," plaintiffs have failed to demonstrate that the Court erred in ruling that plaintiffs are not entitled to equitable tolling of the statutory period for filing an EEOC charge. *See Reed v. ADM/ARTCO*, 57 F. App'x 682, 683 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000)); *Sherman v. Optical Imaging Sys., Inc.*, 843 F. Supp. 1168, 1180 (E.D. Mich. 1994).

---

[4] The Court may take judicial notice of proceedings in other courts. *See Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citation omitted). (*See* Mot. at 239, citing *Teresa Jones, et al. v. Natural Essentials, Inc.*, Case No. 2014 CV 00215.) Plaintiffs' state law complaint was filed on March 14, 2014. (Doc. No. 11, at 175 n. 2.)

## 2. Prima facie case

In granting defendant's motion, the Court found that aside from the issue of failure to timely file an EEOC charge, the complaint failed to allege a prima facie case of discrimination. (MO at 224.[5]) Plaintiffs contend on reconsideration that the Court erred in finding that the complaint did not allege any facts regarding the fifth element of a prima facie case—that defendant replaced T. Jones after her termination or her job remained open. (Mot. at 242-43.) After extensively revisiting the standard of review for a motion to dismiss, plaintiffs argue that it would have been reasonable for the Court to infer that defendant replaced T. Jones' position as a packer. (Mot. at 244.) Plaintiffs also argue that some courts in the Sixth Circuit do not require the fifth element. (*See* MO at 224; Mot. at 245.) Plaintiffs also contend that the Court erred with respect to the fourth element of a prima facie case by concluding that the factual allegations in the complaint do not support a reasonable inference that defendant knew or had reason to know of T. Jones' disability. (MO at 225; Mot. at 246-47.)

Even assuming that plaintiffs' argument regarding the fifth element of a prima facie case is correct, plaintiffs do not prevail on their reconsideration argument with respect to element four—that defendant knew or had reason to know of T. Jones' disability. Plaintiffs merely reassert the same argument regarding this issue that they

---

[5] In order to establish a prima facie case of discrimination, a plaintiff must show that:

> 1) he or she is disabled, 2) he or she is otherwise qualified for the position, with or without reasonable accommodation, 3) he or she suffered an adverse employment decision, 4) the employer knew or had reason to know of the plaintiff's disability, and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced.

(MO at 224 (quoting *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891-92 (6th Cir. 2016) (further citation omitted)).)

made in opposition to defendant's motion to dismiss, and which has already been considered by the Court. They again argue that both T. Jones' supervisor and defendant's owner knew she was injured due to a fall (although plaintiffs alleged that T. Jones' supervisor "was not truthful about the extent of Ms. Jones' injuries"), that defendant was aware T. Jones was contemplating filing a workers' compensation claim and lawsuit against defendant for her workplace injuries and, that "'[t]he sole reason for Ms. Jones' termination by [defendant] was her pursuant [sic] of her lawful remedies in connection with the Workplace Injuries, including pursuit of a workers' compensation claim.'" (Mot. at 246-47, citing the complaint and quoting ¶ 62.)

The fourth element of a prima case of disability discrimination may be established if the alleged facts, taken as true, show that defendant had enough information about T. Jones' condition to conclude that she was disabled. (MO at 225.) The Court found that even drawing reasonable inferences in plaintiffs' favor (defendant knew that T. Jones' fell and was injured but returned to work and completed her shift, and that she intended to file a workers' compensation claim and law suit regarding her injury), it cannot be reasonably inferred from those allegations that defendant had enough information regarding T. Jones' injury to conclude that she was *disabled*. *See Matuska v. Hinckley Twp.*, 56 F. Supp. 2d 906, 917 (N.D. Ohio 1999) (defendant's knowledge that plaintiff had suffered an injury on the job and was depressed does not amount to knowledge of the resulting limitation and, thus, defendant did not know or have reason to know of plaintiff's disabilities). Nor are there any allegations in the complaint from which the Court can reasonably infer that defendant regarded T. Jones as *disabled* because

defendant believed that she sustained an injury that substantially limits one or more major life activities. *See Mahon v. Crowell*, 295 F.3d 585, 592 (6th Cir. 2002).

Thus, plaintiffs' arguments on reconsideration do not establish that the Court erred in concluding that plaintiffs failed to allege facts from which the fourth element of a prima facie case of disability discrimination could be reasonably inferred. Plaintiffs' mere disagreement with the Court's conclusion does not establish that the Court erred as a matter of law. *See Gore*, 2010 WL 3655994, at *1.

3. **Alternative requests**

Plaintiffs alternatively move the Court for leave to file an amended complaint or, alternatively, to change the dismissal of counts I and II with prejudice to dismissal without prejudice.

*Amendment not warranted*

"A claimant who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar, LLC v. Unites States Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010) (emphasis in original). "When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id*. at 616 (citations omitted). "In post-judgment motions to amend . . . 'the Rule 15 and Rule 59 inquiries turn on the same factors.'" *Id*. (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)); *see also Huff*, 2014 WL 2441768, at *2 (The party seeking to alter or amend judgment under Rule 59(e) "'must either clearly establish a manifest error of law or must present newly discovered evidence.'") (quoting *Roger*

*Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 395 (6th Cir. 2007)). This is so because, when a motion to amend comes after judgment is rendered, the Court must balance the competing interests of protecting the finality of judgments with freely allowing amendment under Rule 15, which would "sidestep the narrow grounds for obtaining post-judgment relief under Rule 59[.]" *Leisure Caviar*, 616 F.3d at 616 (citation omitted).

Plaintiffs' motion to amend, evaluated by the same factors as their Rule 59 motion, fails for the reasons discussed above. Moreover, plaintiffs' threadbare request for leave to amend as an alternative to their motion for reconsideration is just the kind of "throwaway language" that falls short of applicable pleading standards. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). In addition, plaintiffs failed to attach a proposed amended complaint for the Court's consideration, or otherwise explain how an amended complaint would address the deficiencies of their original complaint that resulted in dismissal. *Id.* ("Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint based on the final sentence of the plaintiffs' memorandum in opposition."); *see also Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile."). Furthermore, plaintiffs do not explain why they failed to seek leave to amend their complaint in response to defendant's motion to dismiss prior to entry of judgment. *Morse*, 290 F.3d at 800 ("[I]n the post-judgment context, we must be particularly mindful

of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment.").

Considering the deficiencies of plaintiffs' request for leave to amend their complaint after judgment has been rendered, the need for the finality of judgments, and the narrow grounds for obtaining post-judgment relief under Rule 59, the Court concludes that plaintiffs' request for leave to amend is not well-taken, and is denied.

### *ADA claims are dismissed with prejudice*

Plaintiffs also request that the Court change its dismissal of counts I and II from dismissal with prejudice to dismissal without prejudice so that they may file a new complaint. "It is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits[.]" *Guzowski v. Hartman,* 849 F.2d 252, 255 (6th Cir. 1988). For the same reasons that the Court adheres to its original decision dismissing counts I and II under Rule 59 and denies plaintiffs' motion for post-judgment leave to amend their complaint, the Court also denies plaintiffs' request to amend the dismissal of counts I and II to dismissal without prejudice.

### III. CONCLUSION

Plaintiffs' motion for reconsideration is granted. For all of the foregoing reasons, having reconsidered in light of plaintiffs' motion, the Court adheres to its original decision.

**IT IS SO ORDERED**.

Dated: December 4, 2017

　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**